Filed 4/2/26  In re Charles B. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re Charles B., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | D085672 |
| Plaintiff and Respondent, | (Super. Ct. No. J245770) |
| v. | |
| CHARLES B., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Robert J. Trentacosta, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A petition under Welfare and Institutions Code section 602 was filed in the juvenile court alleging Charles B. (the Minor) committed an assault by

means of force likely to cause great bodily injury (Pen. Code,[1] § 245, subd. (a)(4)).  He was also charged with causing a battery on school property (§ 243.2, subd. (a)(1)).

The Minor admitted the assault and the remaining charge was dismissed.

At the dispositional hearing, the court found the alleged assault to be true and declared it a felony with a maximum confinement period of three years.  The parties agreed that upon successful completion of probation, the Minor would be permitted to withdraw his admission to assault and admit the battery with causing bodily injury (§ 243, subd. (d)).

Several months later, the Minor was allowed to admit to section 243. He was declared a ward of the court.  He was placed at home on probation. In February 2025, the court held a restitution hearing.  The Minor stipulated to $268.19 for a medical insurance payment but objected to the remaining items.  The court ultimately ordered $6,000 for the victim's family to hire a private lawyer to obtain a restraining order against the Minor plus $690 for repair to the victim's phone.

The Minor filed a timely notice of appeal.

Appellate counsel has filed a brief based on *People v. Wende* (1979) 25 Cal.3d 436 indicating counsel has not been able to identify any arguable issues for reversal on appeal.  Counsel asks the court to independently review the record for error as mandated by *Wende*.  We have offered the Minor the opportunity to file his own brief on appeal, but he has not responded.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to independently review the record for error.  To assist the court in

---

[1]    Statutory references are to the Penal Code unless otherwise specified.

2

its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738, counsel has identified a possible issue which was considered in evaluating the potential merits of this appeal:  Whether the court abused its discretion in calculating the amount of restitution due to the victim.

We have independently reviewed the record for error as required by *Wende* and *Anders*.  We have not discovered any arguable issues for reversal on appeal.  Competent counsel has represented the Minor on this appeal.

DISPOSITION

The judgment is affirmed.


HUFFMAN, J.[*]

WE CONCUR:


DATO, Acting P. J.


BUCHANAN, J.

---

[*]     Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.